

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-0791-07

**CHRISTIAN BJORGAARD, Appellant**

**v.**

**THE STATE OF TEXAS**

**ON STATE'S PETITION FOR DISCRETIONARY REVIEW IN CAUSE NO. 07-05-0332-CR FROM THE SEVENTH COURT OF APPEALS DALLAM COUNTY**

**Per Curiam.**

### O P I N I O N

Appellant Christian Bjorgaard was convicted of attempted sexual assault[1] and sentenced to 20 years' imprisonment in the Texas Department of Criminal Justice Institutional Division. Bjorgaard appealed, claiming *inter alia* that the trial court erred in allowing the State to present evidence of a prior conviction during the guilt phase of the trial. The court of appeals agreed, holding that the trial court erred in admitting such evidence. *Bjorgaard v. State*, 220 S.W.3d 555, 561 (Tex. App.— Amarillo 2007). The court of appeals then conducted the harmless-error analysis set out in the *Texas Rule of Appellate Procedure* 44.2(b), and concluded that appellant had been

---

[1]Tex. Pen. Code § 15.01.

harmed by the trial court's error. *Id*. at 562. It therefore reversed the trial court's judgment and remanded the cause to that court.

The State filed a petition for discretionary review, which we granted to consider whether the court of appeals erred in: (1) "holding that committing an indecency with a child offense infers the specific intent to commit a sexual offense under a different statute"; (2) "holding that an extraneous offense cannot be used to prove the specific intent of appellant to attempt to commit a sexual assault"; and (3) "basing its holding of admissibility on a *de novo* review of the record."

Having examined the record and briefs and considered the arguments in this case, we conclude that our decision to grant review was improvident. We therefore dismiss the State's petition as improvidently granted.

DELIVERED: MAY 7, 2008.

PUBLISH